UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United States of America,

                                        **Hon. Hugh B. Scott**

               v.                                        09CR221

                                          **Memorandum**
                                                **&**

Linda L. Wynn,                                    **Order**
               Defendant.

       The Government seeks to have defendant detained pending trial in this case. In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing was held on June 19, 2009. For the reasons set forth below, and in accordance with 18 U.S.C. §3142(e) and (g), defendant is ordered to be detained pending trial in this case.

### Charges Against Defendant

       In summary, the defendant is charged by way of an indictment alleging that she did unlawfully seize, kidnap, abduct and carry away a minor ("Victim 1") and did travel, in interstate and foreign commerce from the Western District of New York to Reynosa, Mexico with Victim 1, and to prevent Victim 1's mother from obtaining custody of the child in violation of 18 U.S.C. §§ 1201(a)(1) and 1204(a).

### Discussion

       Pursuant to 18 U.S.C. §3142(g), the factors to be considered in the determination of a detention request are:

                (1)    the nature and circumstances of the offense charged;

                (2)    the weight of the evidence against the person;

                (3)    the history and characteristics of the person, including--

                        (A)    the person's character, physical and mental
                        condition, family ties, employment, financial resources,
                        length of residence in the community, community ties, past
                        conduct, history relating to drug or alcohol abuse, criminal
                        history, and record concerning appearance at court

proceedings; and

 (B) whether, at the time of the current office or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**Findings & Conclusions**

Upon consideration of the motion by the government for detention, the proffers made by the Government and the Defense, and after considering all of the factors set forth in 18 U.S.C. §3142(g), the court finds that detention is warranted based upon the following findings:

1. The Pretrial Services Report dated April 24, 2009 submitted by Elizabeth Martinez of the United States Probation Office for the Southern District of Texas, which is incorporated into the record.

2. The serious nature of the instant offense, namely, the kidnapping of a minor child.

3. The defendant's prior criminal convictions in 2003 including two incidents involving the minor child.

4. That the defendant took the child and fled the jurisdiction of the Family Court in which custody proceedings were pending.

5. That the defendant took the child and registered the child in a false name in the McKean County (Pennsylvania) School District.

6. That the defendant took the child and fled to Mexico, and allegedly changed the name of Victim 1 to hide the child's true identity and prevent being discovered by law enforcement agents.

7. That the defendant allegedly used an alias while living in Mexico to hide her true identity and prevent being discovered by law enforcement agents.

8. That the defendant has not rebutted the presumption set forth in 18 U.S.C. §3142(e)(3), which presumes that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the defendant committed an offense involving a minor victim under §1201.

Based on the foregoing, the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required during the pendency of these proceedings.

For the reasons stated above, it is hereby ordered that the defendant be detained pending trial of the charges against her.

It is further ordered that pursuant to 18 U.S.C. § 3142(i): (1) the defendant shall be committed to the custody of the United States Attorney General, or his designated representative, for confinement pending trial in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; (2) that the defendant be afforded reasonable opportunity for private consultation with counsel; and (3) that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshall for the purpose of an appearance in connection with these court proceedings.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
June 19, 2009